886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul R. MANNING, Plaintiff-Appellant,
v.
L. V. STEWART, Defendant-Appellee.
 No. 89-3270.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking solely damages, Paul R. Manning complained that defendant, the mail room supervisor at the Madison (Ohio) Correctional Institute, deprived him of his visitation rights. He alleged that prior to placement at Madison his list of approved visitors at other prison facilities had been challenged. He further alleged that defendant required each of Manning's twenty-two named visitors annually to file a form acknowledging their relationship to Manning. Manning conceded that the forms were filed in a timely manner and that he was not denied any visits.
 
 
 4
 The district court determined that Manning could prove no set of facts showing the deprivation of a protected right or interest and granted defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Manning can prove no set of facts showing that he is entitled to the relief he seeks. See Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 6
 Manning claimed that the verification procedure imposed by defendant is intended only for the purpose of harassment and deprives Manning of his eighth amendment protections against cruel and unusual punishment. He also claimed an interference with his "liberty interest rights to visitation."
 
 
 7
 Contrary to his assertions, Manning has no protected right to visitation. See Bellamy v. Bradley, 729 F.2d 416, 419-20 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Furthermore, the verification requirement does not rise to the level of a constitutional violation. Not every unpleasant experience a prisoner might endure constitutes cruel and unusual punishment. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987) (per curiam). Although Manning's allegations that he suffered emotional distress must be taken as true, see Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), his allegations are insufficient to establish "an unnecessary and wanton infliction of pain." See Ingraham v. Wright, 430 U.S. 651, 670 (1977).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation