889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdul AL-BARI, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Mike D. Robertson, Claims Commissioner,
Defendants-Appellees.
 No. 89-5325.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Abdul Al-Bari appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. Al-Bari alleged that a claim he filed with the Tennessee Claims Commission was improperly denied. The district court concluded that plaintiff failed to state a claim upon which relief can be granted under Sec. 1983. Upon consideration, we conclude that the complaint was properly dismissed.
 
 
 4
 Generally, a complaint may be dismissed if, accepting the factual allegations as true, it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). A dismissal for failure to state a claim is subject to a liberal review, but bare legal conclusions will not suffice to state a claim. See Scheid, 859 F.2d at 436; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Here, plaintiff failed to state a claim upon which relief can be granted.
 
 
 5
 First, plaintiff does not contest the district court's conclusion that defendants are entitled to immunity from suit for damages; he has therefore abandoned any such claim on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Second, plaintiff's equitable claims merely restate the claims adjudicated before the Tennessee Claims Commission in constitutional terms. However, plaintiff's contention that he was denied equal protection is merely a conclusion which must be rejected. See Scheid, 859 F.2d at 436; Morgan, 829 F.2d at 12. The judgment plaintiff seeks to attack cannot be reviewed in this case. In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). Thus, plaintiff's equitable claims were properly rejected.
 
 
 6
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation