894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fardee MULAZIM, Plaintiff-Appellant,
v.
G.E. SLUSHER, Vallie, Lieutenant, Elizabeth A. McNamara,
D.C. Mitchenor, Donald E. Houseworth, Gene
Borgert, Everett Elkins, Michael T.
Meader, R. Smith, Defendants-Appellees.
 No. 89-1510.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Fardee Mulazim, a Michigan prisoner proceeding pro se, appeals the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mulazim complained that numerous guards and supervisors at Huron Valley Men's Facility (HVMF) violated his constitutional rights. He claimed that the defendants conspired with defendant Slusher to have him classified to segregation for misconduct. Mulazim contended that his segregation deprived him of access to the courts. Additionally, although it is not entirely clear, it seems from a close reading of the complaint that Mulazim alleged that his transfer from Huron Valley to Marquette Branch Prison was also a result of the conspiracy.
 
 
 3
 The district court dismissed Mulazim's complaint pursuant to Fed.R.Civ.P. 12(b)(6) because the allegations were conclusory.
 
 
 4
 Upon review, we find no error.
 
 
 5
 Dismissal of suits filed by pro se plaintiffs and all dismissals under Fed.R.Civ.P. 12(b)(6) are subject to a liberal standard of review. The factual allegations are accepted as true and the dismissal should be affirmed only if it appears beyond doubt that the plaintiff could prove no set of facts which would entitle him to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 6
 Although a plaintiff may address the basic elements of a cause of action, he will fail to state an adequate claim if his allegations are premised upon mere conclusions and opinions. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) (need not accept as true legal conclusions or unwarranted factual inferences); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987) (vague and conclusory allegations of conspiracy are insufficient to state a claim under section 1983).
 
 
 7
 Despite a liberal review of the cause, we conclude that plaintiff failed to state a claim for which he was entitled to relief.
 
 
 8
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's March 30, 1989, Memorandum Opinion and Order, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.