**Vivian J. SCHEID, Plaintiff–Appellant,**

v.

**FANNY FARMER CANDY SHOPS, INC., Defendant–Appellee.**

No. 87–4046.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 16, 1988.

Decided Oct. 18, 1988.

Damian J. Vercillo Henderson, Harpster, Vanosdall & Vercillo, Ashland, Ohio, for plaintiff-appellant.

Rolf H. Scheidel, Shumaker, Loop & Kendrick, Toledo, Ohio, for defendant-appellee.

Before JONES and RYAN, Circuit Judges, and HULL, District Judge.*

RYAN, Circuit Judge.

Plaintiff Vivian J. Scheid appeals the district court's order granting defendant Fanny Farmer Candy Shops, Inc.'s, motion under Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's age discrimination and breach of contract claims in this diversity action for wrongful discharge. We affirm the dismissal of plaintiff's age discrimination claim, but because we hold that the pleadings for plaintiff's breach of contract claim satisfy the pleading requirements of Fed.R.Civ.P. 8, we reverse the dismissal of plaintiff's contract claim.

Scheid was employed by Fanny Farmer at its Norfolk, Ohio plant from September 1963 until her discharge in July 1986. From 1963 until late 1972 or early 1973 she was an hourly employee represented by a union, and the conditions of her employment were governed by collective bargaining agreement. Subsequently, Scheid was promoted to supervisor of the enrober pack department. She held this position until 1983 when she was laterally transferred to another supervisory position, receiving department supervisor, which she held until her discharge. Scheid never had a written employment contract with Fanny Farmer.

In June 1986, Fanny Farmer announced that due to adverse economic conditions it would eliminate two supervisory positions. The company offered an incentive severance plan to induce two voluntary termi-

---

* The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation.

nations; however, only one supervisor accepted. In July 1986, Fanny Farmer discharged Scheid, aged forty-four, and shifted her responsibilities to two other supervisors, aged forty-seven and fifty-nine.

In November 1986, Scheid filed a complaint against Fanny Farmer in Ohio state court, alleging the following causes of action: age discrimination under Ohio Rev. Code § 4101.17, breach of implied contract, breach of duty of fair dealing, malicious discharge of employment, and negligent or intentional infliction of emotional distress. After removing to federal court, defendant, on October 2, 1987, filed a motion to dismiss under Rule 12(b)(6) [1] or, in the alternative, for summary judgment under Rule 56. Attached to defendant's motion were excerpts of Scheid's deposition, an affidavit of defendant's plant personnel manager, and a copy of defendant's personnel manual. On October 21, 1987, the district court entered an order granting defendant's motion to dismiss. Scheid filed timely notice of appeal from the order and challenges the dismissal of her age discrimination and contract claims.

## I.

We first address defendant's contention that this court should decide this appeal on summary judgment grounds under Rule 56. When a motion to dismiss under Rule 12(b)(6) is accompanied by matters outside the pleadings, as in this case, it is within the district court's discretion to consider such matters and decide the motion as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(b). Inasmuch as the district court prepared no memorandum elucidating the basis of its order, and the order provided simply that "Defendant's *motion to dismiss* is sustained" (emphasis added), we assume that the order was decided as a motion to dismiss under Rule 12(b)(6) and

was based solely on the pleadings. We decline defendant's invitation to reach the merits of this action under Rule 56 and will decide this appeal on the pleadings as a motion to dismiss under Rule 12(b)(6).

## II.

A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The familiar standard for reviewing dismissals under Rule 12(b)(6) is that "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983) (citing *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), and *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357 at 596 (1969). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984) (quoting *In re Plywood Antitrust Litigation,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed,* 462 U.S. 1125, 103 S.Ct.

---

1. According to the record before this court, this motion was filed after defendant filed an answer to plaintiff's complaint. Thus, technically, a motion under Rule 12(b)(6) could not properly lie because Rule 12(b) requires that "[a] motion making any of these defenses shall be made before pleading." Fed.R.Civ.P. 12(b). However, as a matter of motions practice, such a motion may be properly considered as one for judgment on the pleadings under Fed.R.Civ.P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6). *Republic Steel Corp. v. Pennsylvania Engineering Corp.,* 785 F.2d 174, 182 (7th Cir.1986); *see also Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir.1979); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1367 at 688–89 (1969); Fed.R.Civ.P. 12(h)(2).

3100, 77 L.Ed.2d 1358 (1983)), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985); *see also Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.1984); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216 at 121–23 (1969). As the First Circuit stated,

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st Cir.1976) *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).

Scheid contends that the district court erroneously dismissed her age discrimination claim under Ohio Revised Code § 4101.17.[2] In reviewing age discrimination claims under § 4101.17, Ohio courts apply the federal evidentiary standards and guidelines applicable to claims brought under the Age Discrimination In Employment Act, 29 U.S.C. § 621 *et seq. See Plumbers & Steam Fitters Committee v. Ohio Civil Rights Commission,* 66 Ohio St.2d 192, 421 N.E.2d 128 (1981); *Barker v. Scovill, Inc.,* 6 Ohio St.3d 146, 451 N.E.2d 807 (1983). Under these standards, a plaintiff must show four material elements to establish a prima facie case of age-based wrongful discharge: (1) she was a member of the statutorily-protected class, (2) she was discharged, (3) she was qualified for the position, and (4) she was replaced by a younger person or, in reorganization cases, "additional direct, circumstantial, or statistical evidence that age was a factor" in her termination. *LaGrant v. Gulf & Western*

*Manufacturing Co.,* 748 F.2d 1087, 1090–91 (6th Cir.1984).

 In her complaint, Scheid failed to allege, directly or inferentially, *any* facts in support of the fourth material element under § 4101.17—that she was replaced by a younger person, or any facts suggesting that age was a factor in her termination. Scheid's complaint merely states that she was "wrongfully discharged by the Defendant in violation of Section 4101.17" and that this was "discriminatory in nature." Such unsupported assertions of legal conclusions are insufficient allegations of this material element of an age discrimination claim under Ohio Rev.Code § 4101.17 and fail to satisfy the requirement of Rule 8(a) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." We affirm the district court's Rule 12(b)(6) dismissal of this claim.

### III.

 Scheid also contends that the district court erred in dismissing her contract claim. Scheid's complaint includes the following allegations:

21) During Plaintiff's course of employment and at the time of Plaintiff's discharge, Defendant had certain policies dealing with all facets of employment, including suspensions from work and discharges from employment, and said policies were in both written and oral form and were terms and conditions of employment. By reason of the course of dealings between the parties and the facts as set out herein, there existed between the parties a contract of employment and said policies were part of said contract of employment.

. . . .

**2.** Section 4101.17 provides in part:

(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction....

Ohio Rev.Cod.Ann. § 4101.17 (Page's 1980).

23) On July 18, 1986, Defendant discharged Plaintiff without just cause and in breach of Defendant's obligations and duties to Plaintiff created by written and/or oral policies previously adopted and implemented during Plaintiff's course of employment with the Defendant.

Although the general rule in Ohio is that "[u]nless otherwise agreed, either party to an oral employment-at-will agreement may terminate the employment relationship for any reason which is not contrary to law," *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 103, 483 N.E.2d 150 (1985), the Ohio Supreme Court has stated that

> the "facts and circumstances" surrounding an at-will agreement should be considered to ascertain if they indicate what took place, the parties' intent, and the existence of implied or express contractual provisions which may alter the terms for discharge.... "[T]he character of the employment, custom, the course of dealing between the parties, or other fact which may throw light upon the question" can be considered by the jury in order to determine the parties' intent. Employee handbooks, company policy, and oral representations have been recognized in some situations as comprising components or evidence of the employment contract.

*Id.* at 103–104, 483 N.E.2d 150 (citations omitted). Scheid's pleadings allege "facts and circumstances" that "alter[ed] the terms for discharge" of her employment contract; thus the allegations, which we must regard as true on this appeal, support the existence, and breach, of a potentially valid and binding contract under Ohio law. Accordingly, we hold that plaintiff's pleadings of the breach of contract claim satisfy Rule 8(a) and state a claim upon which relief may be granted. We reverse the district court's dismissal of this claim.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.