886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. WEATHERFORD, Plaintiff-Appellant,
v.
Robert BROWN; Gerald R. Hofbauer; Defendants,
Matthew Hensley, Defendant-Appellee.
 No. 89-1316.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's dismissal of his civil rights complaint for failure to state a claim. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michael R. Weatherford alleged that defendants, a prison official, a deputy and a corrections officer, placed him in segregation without a hearing and deprived him of a meal in violation of his constitutional rights. Weatherford alleged that when he was asked to identify himself, he feared receiving a disciplinary report based on his conversation with the officer and, so, refused to speak. He was detained for four hours before he was returned to his cell. Weatherford sought declaratory and monetary relief.
 
 
 4
 The equal protection claim and two defendants were dismissed at the outset of the suit. The third defendant, the corrections officer, filed a motion to dismiss for failure to state a claim, asserting that the alleged deprivation did not rise to the level of a constitutional violation. The matter was referred to the magistrate who recommended that defendant's motion be granted. Upon de novo review in light of Weatherford's objections, the district court adopted the magistrate's recommendation and dismissed the suit.
 
 
 5
 On appeal, Weatherford asserts that the district court erred in its determination that Weatherford was temporarily detained while defendant sought to discover Weatherford's identity and lockup location. Weatherford does not challenge the dismissal of the first two defendants or the equal protection claim.
 
 
 6
 Upon review, we conclude that dismissal was proper under Fed.R.Civ.P. 12(b)(6) because it appears beyond doubt that Weatherford can present no set of facts entitling him to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Even if the allegations are accepted as true, see Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), Weatherford failed to state a claim. The loss of a single meal does not rise to the level of a constitutional violation actionable under Sec. 1983. See Bellamy v. Bradley, 729 F.2d 416, 419-20 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Similarly, the restriction on Weatherford's movements for four hours he was detained by defendant does not give rise to a constitutional claim. The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is within the terms of confinement ordinarily contemplated by a prison sentence. Hewitt v. Helms, 459 U.S. 460, 468 (1983).
 
 
 7
 Accordingly, the request for appointed counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation