887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daryl CORN, Plaintiff-Appellant,
v.
James KNAUF, Kenton County Jailer; Kenton County Detention
Center; Commonwealth of Kentucky, Defendants-Appellees.
 No. 89-5306.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1989.
 
 Before KEITH, MILBUR and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Daryl Corn, a pro se Kentucky state prisoner, appeals the dismissal of his civil rights suit filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Corn's complaint and amended complaint asserted that while he was an inmate at the Kenton County Detention Center, he was assaulted by other inmates due to inadequate protection, that his assailants were not prosecuted, that he was denied his personal hygiene products, and that certain legal materials disappeared from his cell. His objections to the magistrate's report also raised the claim that he had been transferred in retaliation for his attempt to exercise his rights to grieve the above conditions.
 
 
 3
 Upon consideration, we conclude that the complaint was properly dismissed for failure to state a claim. More than bare legal assertions are required to survive dismissal under Fed.R.Civ.P. 12(b)(6). Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir.1988). Corn did not plead any facts which would support a conclusion that defendants were deliberately indifferent to his need for protection. See Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir.1985). Nor are there any facts to support a conclusion that the failure to prosecute his attackers was based on discriminatory grounds, cf. Wayte v. United States, 470 U.S. 598, 608 (1985), or that his transfer was retaliatory in nature. Furthermore, the denial of hygiene items such as skin lotion and hair grease does not violate the eighth amendment. Finally, the disappearance of Corn's legal materials could not be addressed by the district court, as Kentucky provides state court remedies for such claims. See Preston v. Smith, 750 F.2d 530, 531-32 (6th Cir.1984).
 
 
 4
 Accordingly, the dismissal of this case is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.