895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald TENSLEY, Plaintiff-Appellant,
v.
Pete VIDOR; Ray Palmer, Defendants-Appellees.
Philip W. BERRYMAN, Plaintiff-Appellant,
v.
Gary WELLS; Donald Houseworth; Kenny Robinson; Everitt
Elkin; R. Gardner; John Makowski; Herbert
Grinnage, Defendants-Appellees,
Harry Pennington; Robert Baker, Defendants.
 Nos. 89-1491, 89-1514.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 Before KRUPANSKY, and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reginald Tensley and Philip W. Berryman appeal separate judgments for defendant prison officials in these civil rights actions filed under 42 U.S.C. Sec. 1983. Tensley and Berryman alleged, inter alia, that they were assigned to administrative segregation without due process of law after they were found guilty of major misconduct in prison disciplinary proceedings. Tensley's complaint was dismissed for failure to state a claim upon which relief could be granted by the United States District Court for the Western District of Michigan. In Berryman's case, summary judgment for defendants was granted by the United States District Court for the Eastern District of Michigan. In each case, we conclude that the judgment was proper.
 
 
 3
 Generally, dismissal of a pro se complaint is proper if it appears beyond doubt that plaintiff canprove no set of facts which would entitle him to relief. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Under these standards, the judgments of the district courts were proper.
 
 
 4
 Plaintiffs contend that they were not accorded the minimum process due them under Hewitt v. Helms, 459 U.S. 460 (1983), propr to their assignment to administrative segregation. However, this court has determined that a disciplinary hearing which results in a finding that a prisoner is guilty of major misconduct comports with the minimum requirements of process due under Hewitt. Walker v. Mintzes, 771 F.2d 920, 932-34 (6th Cir.1985); see also Sanders v. Borgert, 711 F.Supp. 889, 891-92 (E.D.Mich.), aff'd, 891 F.2d 292 (6th Cir.1989) (table). Thus, plaintiffs' only contention raised on appeal is without merit as a matter of law.
 
 
 5
 Accordingly, the judgments of the district courts are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.