919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jose RODRIGUEZ, Plaintiff-Appellant,
v.
Raymond T. TOOMBS, Warden, Pete Vidor, Deputy Warden, Brad
Mowatt, Lieutenant, Ion Wenzel, Sergeant, Dale Ninko,
Correctional Officer, in their individual and official
capacities, Defendants-Appellees.
 No. 90-1341.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's dismissal of his civil rights complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Additionally, he moves for miscellaneous relief and requests the appointment of counsel and a transcript at government expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, plaintiff complained that defendants, various prison officials at Ionia Maximum Security Correctional Facility, deprived him of his right to "normal meals" while he was confined in punitive segregation. Specifically, he alleged that he was served food loaf and the only beverage he was allowed to drink was water which was available through his drinking fountain installed in his cell. Plaintiff sued the defendants in their individual capacities for monetary relief and in their official capacities for declaratory and injunctive relief.
 
 
 4
 Defendants filed a motion to dismiss, or in the alternative, for summary judgment. A magistrate recommended that the defendants' motion to dismiss be granted. The magistrate concluded that because plaintiff did not contend that he was improperly kept on food loaf after a finding of not guilty of a misconduct, but rather, only that food loaf violated his eighth amendment rights, plaintiff failed to state a claim upon which relief can be granted. Despite plaintiff's timely objections, the district court adopted the magistrate's recommendation and entered judgment granting the defendants' motion to dismiss.
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that plaintiff can prove no set of facts showing that he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 6
 Use of food loaf does not, as a matter of law, in every case, violate the eighth amendment's prohibition against cruel and unusual punishment. See United States v. Michigan, 680 F.Supp. 270, 275 (W.D.Mich.1988). Moreover, although under Michigan prison policy directives, prisoners do have a liberty interest in not being placed on food loaf unless they have engaged in certain kinds of behavior, see id. at 279, plaintiff's allegations are insufficient to establish a deprivation of due process where, as here, he was removed from food loaf after four days when he was found not guilty of the alleged misconduct. Id. at 279.
 
 
 7
 Accordingly, the requests for counsel and a transcript at government expense are hereby denied. The motion for miscellaneous relief is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation