920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard M. SHEFF, Plaintiff-Appellant,
v.
Gordon BUSH, Prisoner Services Director, H. Gary Wells,
Warden, Blaine Lafler, Assistant for Prisoners
Affairs, Defendants-Appellees.
 No. 90-1344.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Richard M. Sheff, a pro se Michigan prisoner, appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sheff filed his complaint in the district court alleging that his family sent him a pair of headphones, which he believed was permitted under prison policy directive PD-BCF-53.01 III B(13), but that he was not allowed to receive the headphones. Sheff's grievance was pursued through all channels within the Michigan Department of Corrections (MDOC) and reviewed by the ombudsman. The ombudsman found in Sheff's favor and petitioned the MDOC for reconsideration, which petition was denied.
 
 
 3
 Thereafter, Sheff sought to have the district court compel the MDOC to give him his set of headphones, an equivalent set, or reimbursement for the value of the headphones. He also sought to prohibit the MDOC from transferring him in retaliation for his legal actions. A magistrate recommended that the district court grant the defendants' motion to dismiss Sheff's complaint for failure to state a claim upon which relief may be granted. Despite Sheff's objections, the court adopted the magistrate's report and recommendation and dismissed the complaint. Sheff appeals.
 
 
 4
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Sheff can prove no set of facts showing that he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Sheff's claim based upon defendants' alleged deprivation of his personal property is not cognizable under 42 U.S.C. Sec. 1983 if an adequate state remedy exists to redress such a deprivation. See Hudson v. Palmer, 468 U.S. 517, 534 (1984); Vicory v. Walton, 721 F.2d 1062, 1065-66 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). Here, the district court correctly concluded that Michigan has available adequate state remedies to redress his deprivation.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.