928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence Edward MIX, Jr., Plaintiff-Appellant,
v.
Norman BROWN, Detective, for Michigan State Police, Joseph
S. Filip, Prosecuting Attorney for Jackson County
Courthouse, Defendants-Appellees.
 No. 90-2318.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 W.D.Mich., No. 90-00586; Easlev, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 4
 Lawrence Edward Mix, Jr., appeals the district court's order granting summary judgment for the defendants in this civil rights case filed under 42 U.S.C.Sec. 1983. The defendants include a detective employed by the Michigan State Police Department and the prosecuting attorney for Jackson County, Michigan.
 
 
 5
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 In his complaint, Mix alleged that the defendants constructed an illegal arrest warrant, upon which they based his arrest on December 6, 1988. The defendants moved for summary judgment, supporting their motion with an affidavit stating that the warrant was issued upon a finding of probable cause by a neutral and detached magistrate. The district court referred the matter to a magistrate, who recommended that the defendants' motion be granted. This recommendation was adopted by the district court by order filed November 8, 1990.
 
 
 7
 On appeal, Mix does not object to any finding of law or fact by the district court. Rather, he requests a declaratory judgment regarding the constitutionality of Mich.Comp.Laws Sec. 800.283(4) in light of two cases cited by Mix in his appellant brief. Because the issues concerning his illegal arrest warrant have not been raised on appeal, they are now considered abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Mix's statement that the state law was applied to him in an ex post facto manner is merely a conclusory allegation, without specific facts necessary to support his Sec. 1983 claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976), cert. denied, 431 U.S. 914 (1977)); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Therefore, it was not an abuse of discretion for the district court to deny the plaintiff's motions for summary judgment, appointment of counsel and an evidentiary hearing.
 
 
 9
 Accordingly, the district court's judgment filed November 8, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation