933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lester O'Neill QUARLES, Plaintiff-Appellant,
v.
Jimm BARR and William Taylor, Defendants-Appellees.
 No. 89-6303.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Lester Quarles (appellant), has appealed the dismissal of his section 1983 action against defendants-appellees Jim Barr (Barr) and William Taylor (Taylor). In his complaint, appellant alleged that he had been subjected to a malicious prosecution by Barr and Taylor, both of whom were at the time of the incidents in question officials of the Jefferson County, Tennessee school system.
 
 
 2
 Appellant was employed by the Jefferson County school system as a vocational training instructor at Jefferson High School until September, 1977. In April, 1976, appellant was accused by a school security guard, Charlie Grant (Grant), of engaging in sexual intercourse with a female teacher while on school premises. Grant's report resulted in appellant's immediate suspension. Several months later, in September, 1976, appellant was accorded a hearing, at which both he and his alleged paramour were fully absolved of the charges against them. Appellant was reinstated to his employment and worked for the school until he was dismissed in September 1977, ostensibly for budgetary reasons.
 
 
 3
 Appellant sued Grant in state court in 1978, alleging defamation and slander. This trial ended in a hung jury, subsequent to which Grant and appellant entered into a consent judgment wherein Grant confessed liability and damages were set at $0. Many years later--in April, 1986--Grant disclosed by affidavit delivered to appellant that defendants-appellees Barr and Taylor had coerced him (Grant) to fabricate the rumor about appellant's liason. Appellant subsequently commenced the instant suit in federal court, alleging in his amorphous complaint a variety of causes of action, including "malicious prosecution, abuse of process, libel and slander." (The malicious prosecution charge related to appellant's exposure to the September 1976 disciplinary hearing.) Appellant also included what can best be described as a boilerplate allegation to the effect that he had been "denied due process and freedom of speech." The complaint was silent as to the precise nature of the alleged first amendment violation; the complaint contained no allegations with respect to the nature of the "speech" at issue, nor did it allude to appellees' motivations in quashing this "speech."
 
 
 4
 In an attempt to clarify the issues for trial, the district court issued a pretrial order limiting the issues to be tried to the asserted constitutional claim of malicious prosecution and a pendant state law claim of defamation. The pre-trial order required the parties to file objections within ten days of its issuance, after which time the order would become final and binding upon the parties at trial. No party filed timely objections to the pretrial order.
 
 
 5
 In an order dated July 31, 1989, the district court dismissed the action, finding, as a matter of law, that the tort of malicious prosecution rises to a constitutional level only when the defendant's conduct is of an especially egregious nature, and, moreover, that the tort assumes constitutional dimensions only in the context of a criminal prosecution, and not in the case of civil or administrative disciplinary proceedings of the type to which appellant had been subjected.
 
 
 6
 In response to the dismissal of his case, appellant moved, among other things, to amend both his complaint and the pretrial order. Appellant was effectively attempting to reconstitute his first amendment claim--consisting of a vague allegation that he was disciplined for speaking out on an unspecified matter of public importance--even though that claim had been effectively removed from the litigation by virtue of the pretrial order. In his proffered amended complaint, appellant asserted for the first time that Barr and Taylor had retaliated against him in an effort to "muzzle his [appellant's] freedom of speech and to prevent him from communicating concerning the use, maintenance, and control of the vocational education funds and programs for Jefferson County, Tennessee...." Thus, for the first time, appellant portrayed himself as a whistleblower of the type personified in the seminal case of Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731 (1968).
 
 
 7
 This court is presently confronted with an appeal from a final judgment denying leave to amend the complaint under Fed.R.Civ.P. 15(a). A decision denying or granting leave to amend is subject to review for abuse of discretion. Zenith Radio Corp. v. Hazeltine Research Corp., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971); Head v. Jellico Housing Auth., 870 F.2d 1117, 1123 (6th Cir.1989).
 
 
 8
 Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.
 
 
 9
 Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir.1973) (emphasis added).
 
 
 10
 In the case at bar, two of these factors counsel against permitting appellant to amend the complaint. First, appellant had ample opportunity prior to the entry of judgment against him to supplement his original complaint with additional pleadings and evidence in support of his untimely claim to whistleblower status, and thus he repeatedly failed to cure the deficiencies in the complaint by earlier amendment.
 
 
 11
 Second, and more importantly, appellant's proposed amendment, liberally construed in his favor, fails to assert factual allegations in support of the Pickering -type claim, and would therefore not survive a motion to dismiss for failure to state a cause of action. "[W]hen a complaint omits facts that, if they existed, clearly would dominate the case, it seems fair to assume that those facts did not exist." Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 437 (6th Cir.1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 (1st Cir.1976)). See also Wright & Miller, Federal Practice and Procedure, Sec. 1357 at 320 (1990) (in ruling on a motion to dismiss under Rule 12(b)(6), "the court [should] not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened"). The district court did not abuse its discretion in denying appellant's motion for leave to amend the complaint (and, by extension, the pretrial order) so as to incorporate a cause of action under the first amendment.
 
 
 12
 Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation