996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine STEEN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 93-1228.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals a district court judgment dismissing her action for wrongful discharge from employment. She requests the appointment of counsel and has filed a motion for leave to proceed in forma pauperis on the appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking ten million dollars in damages, Katherine Steen claimed that she was wrongfully discharged from her employment at the 1401 Fort Street Post Office in Detroit after speaking out against an occult conspiracy fostered by the Masonic Association. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed. It appears beyond doubt that Steen can present no set of facts which would entitle her to the relief she seeks. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 4
 To establish a prima facie showing of retaliatory discharge, Steen must show that she was engaged in a protected activity, that her employer was aware of the activity, that the employer took an adverse action against her, and that the adverse action was causally connected to the exercise of a protected activity. See Polk v. Yellow Freight Sys., Inc., 876 F.2d 527, 531 (6th Cir.1989). Additionally, she has the burden of proving that any valid reason for the discharge which is proffered by the employer is merely pretextual. Id.
 
 
 5
 Steen's allegations are insufficient to state a claim for a retaliatory discharge. In particular, Steen did not specify any facts showing that her discharge was causally connected to her exercise of a protected activity. Review of the record reveals only conclusory, vague and bizarre allegations. Such allegations are insufficient to satisfy pleading requirements under Fed.R.Civ.P. 12(b)(6). Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 6
 Accordingly, the request for appointment of counsel and the motion for leave to proceed in forma pauperis are denied. The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.