**Larry Douglas RODGERS,**
**Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF**
**CORRECTIONS, Defendant–**
**Appellee.**

**No. 01–2099.**

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 2002.

Before NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.*

Larry Douglas Rodgers, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Rodgers sued the Michigan Department of Corrections (MDOC) for violating his Eighth Amendment rights by permitting prisoners to obtain cigarettes and to smoke in the prisons. The district court sua sponte dismissed the action pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c), reasoning that MDOC was not subject to suit under § 1983 and that Rodgers had failed to state a claim.

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

In his timely appeal, Rodgers reasserts his Eighth Amendment claim.

This court reviews de novo a judgment dismissing an action for failure to state a claim. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). When determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (original emphasis, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

The district court properly dismissed the action. To state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). However, the Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See generally Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472–74, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Hence, the district court properly dismissed the complaint for failure to state a claim because Rodgers named a state agency as the sole defendant.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.