**Dexter McMILLAN, Plaintiff–Appellant,**

**v.**

**Kevin MEYERS, Warden; Mike Long, TDOC Liaison; Beverly Perry, SCO; Jeffery Spice, SCO; William White, SCO, Defendants–Appellees.**

**No. 02–5194.**

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before MOORE and GILMAN, Circuit

Judges; ROSEN, District Judge.*

Dexter McMillan, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, McMillan sued multiple prison officials, contending that he was placed in segregation for twelve hours without his property; that while he was in segregation for twelve days, he had nothing to put on his feet; that although he is mentally ill, he has not received a mental assessment; and that he has been denied parole because disciplinary charges have been filed against him. The district court dismissed the case for failure to state a claim.

On appeal, McMillan's cryptic complaint is construed as raising the same arguments which he presented in the district court.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

When determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Wright v. Metro-Health Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The court is not required to accept nonspecific factual allegations and inferences of unwarranted legal conclusions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

To state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right secured by the constitution or federal laws. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). McMillan's complaint contains no factual allegations in support of his claims. Although McMillan sued multiple prison officials, he fails to state how any of the individuals deprived him of his constitutional rights. Even under the most liberal construction, McMillan's cryptic complaint does not state a claim for relief.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.