**Patricia Jean BROWN, Plaintiff–Appellant,**

v.

**CENTRAL COMMUNITY HEALTH BOARD, Defendant–Appellee.**

No. 02–3857.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Patricia Jean Brown, an Ohio resident proceeding pro se, appeals the district court order dismissing her civil action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $100,000 in damages, Brown sued the Central Community Health Board (CCHB) of Cincinnati, Ohio, in November 2001. Brown alleged that she had been treated by the CCHB "some years ago," and that the CCHB did not give her proper support and did not properly monitor her mental health treatment. The CCHB moved to dismiss Brown's complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The magistrate judge recommended granting CCHB's mo-

tion. The district court adopted the magistrate judge's report and recommendation over Brown's objections and dismissed the complaint.

In her timely appeal, Brown argues that: (1) the district court misrepresented the facts of her case; and (2) the CCHB was negligent in its treatment of her and violated her rights as a patient.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *See Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *See Sistrunk,* 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Brown's complaint for failure to state a claim because the complaint did not support any legal theory of recovery. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Brown's allegations that CCHB negligently treated her cannot constitute a diversity negligence action because the pleadings show that both Brown and the CCHB are citizens of Ohio. *See* 28 U.S.C. § 1332. Brown's allusion to her rights as a patient could be construed as a civil rights claim. However, she failed to state a cause of action under 42 U.S.C. § 1983 because she did not identify any federal right to proper mental health treatment. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Construing liberally Brown's pro se complaint and accepting her factual allegations as true, she can prove no set of facts in support of her claims that would entitle

her to relief. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Sistrunk,* 99 F.3d at 197. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.