**Charles L. ASBERRY, Sr.,**
**Plaintiff–Appellant,**

v.

**Angela BISIG; Jennifer Fredricks; Susan Meschner; D. Stephens, Officer; G. Hartman, Officer; R. Sohan, Officer; T. Brink, Officer; D. Geary, Offi-**

**248**

cer; Louisville Police Department, Second District; Jefferson County Sheriff Department; Jefferson County Department of Corrections; Delahanty, Judge; Whittinghill, Judge; Jefferson County Attorney's Office; Jefferson District Public Defender; Jefferson County District Court, Clerk; Byers, Judge, Defendants–Appellees.

No. 03–5049.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

## ORDER

Charles L. Asberry, Sr., a Kentucky resident proceeding pro se, appeals the district court order that dismissed his civil rights action construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Asberry sued Angela Bisig, Jennifer Fredricks, Susan Meschner, Officer D. Stephens, Officer G. Hartman, Officer R. Sohan, Officer T. Brink, Officer D. Geary, the Louisville Police Department, the Jefferson County Sheriff's Department, the Jefferson County Department of Corrections, Judge Delahant, Judge Whittinghill, the Jefferson County Attorney's Office, the Jefferson District Public Defender, the Jefferson County District Court Clerk, and Judge Byers. Asberry alleged that the defendants prosecuted him three times for the same offense, fabricated charges, "doctored up" evidence, committed prosecutorial misconduct, and rendered ineffective assistance of counsel,

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

among other things. Asberry requested that someone named Robert Board be prosecuted for violating Ky.Rev.Stat. § 510.060, and that the court award him damages for the interference into his life, the dissolution of his marriage, and other injuries. The district court granted Asberry's request to proceed in forma pauperis, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court held that Asberry did not allege sufficient facts or causal connections between the defendants and the alleged wrongs under federal law, and declined to exercise jurisdiction over Asberry's state law claims.

On appeal, Asberry reasserts the allegations from his complaint by reference to state court documents submitted as a joint appendix.

Complaints filed in forma pauperis are subject to the screening requirements of § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). This court reviews de novo a district court's decision to dismiss under § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Asberry's complaint for failure to state a claim. As the district court noted, the allegations in Asberry's complaint are quite vague. He listed the names of the defendants in the caption of his complaint, but did not identify them or explain their roles in the body of his complaint. Asberry claimed that he had been prosecuted three times for the same offense, but did not state what the offense was. He alleged that defendants fabricated legal documents and presented perjured testimony, but did not describe the evidence with particularity or explain how the evidence hurt him. As to his legal theories, Asberry invoked the First and Sixth Amendments, Kentucky statutes,

and state rules of criminal procedure, but did not link these provisions to any factual allegations. A complaint must contain allegations regarding all the material elements to sustain a recovery under some viable theory. *See Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). Asberry's complaint failed utterly to state a claim under any legal theory.

Having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.