**Ricky L. HALL; Nita I. Hall; Rikki R. Hall; Jessica A.L. Hall; Megan M. Hall; J. Ty Bradley Hall, Plaintiffs–Appellants,**

v.

**THE BEAST, also known as The State of Kentucky, Its Employees and Agents, Defendant–Appellee.**

No. 03–6447.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Ricky L. Hall, Dry Ridge, KY, pro se.

Nita I. Hall, Dry Ridge, KY, pro se.

Rikki R. Hall, Dry Ridge, KY, pro se.

Jessica A.L. Hall, Dry Ridge, KY, pro se.

Megan M. Hall, Dry Ridge, KY, pro se.

J. Ty Bradley Hall, Dry Ridge, KY, pro se.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

## ORDER

Plaintiffs–Appellants Ricky L. Hall, Nita I. Hall, Rikki R. Hall, Jessica A.L. Hall, Megan M. Hall, and J. Ty Bradley Hall appeal the district court's judgment, in which their petition for a writ of habeas corpus, motion for protective order, motion for hearing and motion for leave to proceed in forma pauperis were denied. Plaintiffs further assert that the district court judge, magistrate judge, and district court employees fraudulently turned plaintiffs' case into a civil case and manipulated and monopolized the judicial process, in order to keep plaintiffs' case in the state courts as opposed to the federal courts. Finally, plaintiffs allege on appeal that their objections to the magistrate judge's report and recommendation were timely filed.

Plaintiffs have also filed three motions with this court: (1) motion to amend the caption and motion for judicial determination/decision on the U.S. District Court docket sheet; (2) renewed motion to amend the caption and motion for judicial determination/decision on the U.S. District Court docket sheet; and (3) motion to take judicial notice. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiffs Ricky L. Hall and Nita I. Hall allege that state authorities wrongfully removed their four minor children, plaintiffs Rikki R. Hall, Jessica A.L. Hall, Megan M. Hall, and J. Ty Bradley Hall, from their residence on or about August 27, 2003, based upon false charges of domestic violence and abuse. As one aspect of the relief sought in the district court, petitioners requested "emergency" intervention by federal authorities into the ongoing state proceedings. Specifically, petitioners requested federal marshals to take custody of the children at a state court hearing scheduled for August 29, 2003. The district court denied plaintiffs' requested relief.

Plaintiffs' petition for a "Writ of Habeas Corpus and EPO, Emergency Protective Order" was dismissed for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(h)(3) and 28 U.S.C. § 1915(e). This court reviews the dismissal of a complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(h)(3) de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997); Greater Detroit Res. Recovery Auth. v. United States EPA, 916 F.2d 317, 319 (6th Cir.1990).

■ The district court applied the law set forth in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to the facts of this case and held that the Younger abstention doctrine applied. As this case involves state issues of domestic relations, child custody and abuse, we agree that the Younger abstention doctrine governs this case. See Moore v. Sims, 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). Therefore, we affirm the district court's decision to dismiss the case.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

Additionally, plaintiffs' petition for a writ of habeas corpus was brought to challenge the state's removal of the children from the home and to challenge the state's decisions pertaining to custody of the children. However, "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 511, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). Additionally, even if "the children have been placed in foster homes pursuant to an order of a [state] court, they are not in the 'custody' of the State in the sense in which that term has been used by [the Supreme Court] in determining the availability of the writ of habeas corpus." *Id.,* at 510, 102 S.Ct. 3231. Therefore, habeas relief is not available in this case.

Plaintiffs also claim that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, plaintiffs brought this case as a habeas action, and since federal habeas is not available in this case, plaintiffs have failed to raise a federal question in this action.

Plaintiffs further assert that the district court judge, magistrate judge and district court employees fraudulently turned plaintiffs' case into a civil case and manipulated and monopolized the judicial process, in order to keep plaintiffs' case in the state courts. Plaintiffs assert this as a basis for granting habeas relief. Even assuming, for argument's sake, that the plaintiffs could bring this habeas action, this court has held that "more than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988) (citation omitted). Thus, courts are not compelled to conjure up unpleaded facts to support conclusory allegations. *See id.* at 437. Since plaintiffs have merely brought conclusory allegations concerning the judges and court employees, plaintiffs have not satisfied federal notice pleading requirements regarding them. Thus, the claims are dismissed.

Finally, plaintiffs allege on appeal that their objections to the magistrate judge's second report and recommendation were timely filed. However, there is nothing in the district court's record indicating that plaintiffs' objections were untimely. Thus, this issue is denied as moot.

Plaintiffs have also filed three motions with this court. The first and second motions concern the timeliness of plaintiffs' objections to the magistrate judge's report and recommendation, and, as we previously discussed, there is nothing in the record or on the docket sheet stating that plaintiffs' objections to the report and recommendation were untimely. Therefore, the first and second motions are denied as moot.

The third motion is a motion to take judicial notice. However, since we have already determined that this court lacks jurisdiction over this case, the third motion is denied as moot.

Accordingly, the district court's order is affirmed and the three motions of plaintiffs Ricky L. Hall, Nita I. Hall, Rikki R. Hall, Jessica A.L. Hall, Megan M. Hall, and J. Ty Bradley Hall are denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.