NOT RECOMMENDED FOR PUBLICATION
File Name: 11a0680n.06

No. 10-3645

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Sep 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| John Fisher | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Chris Dodson, c/o Ohio State Park Regional | ) | SOUTHERN DISTRICT OF OHIO |
| Office; Jon Kullman, c/o Ohio State Park | ) | |
| Regional Office; Robert Dorinsky, c/o Ohio | ) | |
| State Park Regional Office; Chris Hardman, | ) | |
| c/o Ohio State Park Regional Office; Coy | ) | |
| Lehman, c/o Ohio State Park Regional Office | | |
| | | |
| Defendants-Appellees. | | |

BEFORE:    Merritt, Clay, and Sutton, Circuit Judges.


   **MERRITT, Circuit Judge**.  Plaintiff John Fisher appeals the district court's dismissal of

his 42 U.S.C. § 1983 action against five Ohio park officers (Defendants) for failure to state a claim.

FED. R. CIV. P 12(b)(6).  Fisher asserted a variety of state and federal causes of action arising from

two allegedly false misdemeanor charges for littering and inducing public panic.  The court below

found that the federal claims were not "plausible" in part because the Complaint did not identify any

specific impermissible conduct or any individual defendant who committed it.  The district court

then exercised its discretion in dismissing the remaining state law claims.  28 U.S.C. § 1367(c)(3)

(2006). The question on appeal is whether the district judge properly dismissed the § 1983 claims

for failure to state a cause of action. We agree with the district judge and answer in the affirmative

because the case does not raise a substantial federal question.

## I. Background

On July 3, 2007, several individuals informed Defendants that Fisher was throwing tennis

balls into a state park lake. They also expressed concern that the tennis balls may have contained

viruses or toxins. The park was evacuated while the Ohio Department of Health investigated the

contents of the submerged tennis balls. Despite finding no harmful agents, the State subsequently

charged Fisher with inducing a panic and littering, both misdemeanors. Fisher claimed that the

charges were motivated by Defendants' desire "to cover up" their over-reaction to his behavior.

(Complaint ¶ 17.) After eight months, the state court dismissed the misdemeanor charges against

Fisher.

Fourteen months after the dismissal, Fisher filed the pending suit against Defendants, current

and former officers of the Ohio Division of Parks and Recreation. Defendants then filed a motion

to dismiss which, after full briefing, the district court granted. Fisher appealed and maintains that

his Complaint successfully stated "a cause of action for prosecution without probable cause and/or

malicious prosecution and/or knowingly making materially false claims pursuant to § 1983 in

violation of the 4th Amendment." (Appellant's Reply Br. 2.)

## II. Discussion

When a district court dismisses a cause of action for failure to state a claim, we review that

decision *de novo* as a question of law. To survive a motion to dismiss, a complaint must present a

plausible claim based on sufficient factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Mere conclusory statements and legal conclusions are insufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The district court accurately recited and applied this standard. The Complaint needed factual allegations and requiring them did not, as Fisher contends, transform the district court's standard of review into one for summary judgment. (Appellant's Br. 6.)

As the district court noted, the conclusory nature of the Complaint makes it difficult to identify the federal causes of action that the Plaintiff is asserting.[1] Nevertheless in all § 1983 claims, the complaint must allege that defendants, acting under the color of state law, deprived the plaintiff of a right secured by the Federal Constitution or laws of the United States. *See Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir. 2003). Fisher's allegation of "prosecution without probable cause and/or malicious prosecution and/or knowingly making false claims" basically advances a single legal theory. (Appellant's Reply Br. 2.) The sole harm complained of is that Defendants forced Fisher to defend himself in court despite the absence of probable cause for the prosecution. We have held that claims for malicious prosecution must be analyzed under the Fourth Amendment. *See Gregory v. City of Louisville*, 444 F.3d 725, 748-49 (6th Cir. 2006) (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). Traditionally, such claims entail defendants who are detained prior to trial. *See id.* at 748. Here, however, Fisher has not alleged that he was detained at all during the prosecution. Although Justice Ginsburg suggested in her *Albright* concurrence that prosecution, even without detention, can

---

[1] *Fisher v. Dodson*, No. 2:09-cv-730, 2010 WL 1644241, at *3 (S.D. Ohio Apr. 23, 2010) ("Only rarely has this Court been confronted with a situation in which it is not at least relatively clear what claims are involved in a case, especially when a plaintiff has attempted to clarify a complaint.").

form a seizure under the Fourth Amendment because the defendant is bound to appear in court and remain in the jurisdiction during the pendency of the case, 510 U.S. at 279, we have not yet addressed this "continuing seizure" doctrine. *See Johnson v. City of Cincinnati*, 310 F.3d 484, 492 (6th Cir. 2002). We need not address it today because even if Fisher's prosecution without detention constitutes a seizure, his Complaint still fails to identify who deprived him of his Fourth Amendment rights or how it was done.

Plaintiff's Complaint implies that Defendants somehow manufactured sufficient evidence to convince the charging authority that probable cause existed and to proceed with an illegal prosecution. It fails to allege, however, how the probable cause was manufactured and which individual Defendant manufactured it. In fact, the Complaint fails to identify any conduct, constitutional or otherwise, committed by any individual Defendant. The phrase "knowingly making false claims" insinuates that Defendants lied in order to create probable cause. (Appellant's Reply Br. 2.) But what exactly the false statements were and who uttered them remains a mystery. In short, the Complaint does not contain sufficient factual allegations to put the Defendants and the Court on notice as to the specific conduct at issue in the case. *See Gurik v. Mitchell*, 26 F. App'x 500, 504 (6th Cir. 2002)*; Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Such mere conclusory allegations are insufficient to survive dismissal.

Accordingly, the dismissal of Plaintiff's Complaint against Defendants in their individual capacities for failure to state a claim upon which relief can be based is affirmed. Dismissal against Defendants in their official capacities is also warranted because, as the lower court points out, the Complaint does not allege any policy, custom, or practice upon which a plaintiff can base such

claims. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

Once the district court properly dismissed the federal causes of action, it was entitled to dismiss the

remaining state claims of intentional infliction of emotional distress and abuse of process. It was

further justified in relying on its 12(b)(6) analysis and declining to address the statute of limitations

issue. As a result, we also decline to discuss these claims and issues.