953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles P. HOLLOWAY, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director; Raymond Toombs, Warden of the
Ionia Maximum Correctional Facility; Beverly Williams, Mail
Room Supervisor; Dana Hartman, Mail Room Clerk; Marilyn
Letts, Mail Room Clerk, Defendants-Appellees.
 No. 91-1843.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1991.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App. 34(a).
 
 
 2
 Seeking monetary, injunctive and declaratory relief, Charles P. Holloway claimed that he was denied his constitutional rights under the First Amendment. Holloway challenged the policies and procedures by which publications are placed on a restricted publications list. He asserted that the procedures do not require a statement specifying the offensive portions and that prisoners are not advised of the procedures to appeal a decision to restrict a publication. He further alleged that the lack of access to sexually explicit materials, aggravated by defendants' refusal to permit him to engage in sex, "forced" him to attempt to rape one female corrections officer and to sexually assault others.
 
 
 3
 Upon review, we conclude that the district court properly dismissed the complaint under Fed.R.Civ.P. 12(b)(6). It appears beyond doubt that plaintiff can present no set of facts to show that he is entitled to the relief he seeks. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 4
 To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege, in part, the loss of a protected liberty or property interest. E.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989). Arguably, a Michigan state prisoner has a liberty interest in receiving certain publications. See Spruytte v. Walters, 753 F.2d 498, 502 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986). However, contrary to Holloway's argument, he has no First Amendment "right" to engage in sexual activities. Moreover, to the extent that he has a protected interest in receiving certain publications, he failed to allege any facts showing that he had requested and was denied either a specific publication or the right to appeal the denial of a publication. To survive dismissal under Fed.R.Civ.P. 12(b)(6), a claim for relief must be supported by specific allegations of fact; conclusory allegations that defendants' practices are unconstitutional are insufficient. See Scheid, 859 F.2d at 436-37; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 5
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.