948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mason HARRIS, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS; Sgt.
Rish; Officer Diane Thomas; Mr. B.D. Couch; Mr.
William Dallman; Lebanon Correctional
Institution, Defendants-Appellees.
 No. 91-3576.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, JR., Circuit Judges, and ALLEN, Senior District Judge.*
 
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mason Harris claimed that defendants caused him injury and deprived him of constitutional rights under the Fourth and Eighth Amendments. First, Harris alleged that he was placed in a security control area after being found guilty of misconduct charges; he maintained that he was innocent and that defendants refused to hear the testimony of the inmate who confessed to the misconduct. Second, Harris claimed that he was denied reassignment to his prior job after release from security control. Third, he alleged that the new job assignment, kitchen work, was inappropriate in light of his medical condition (bad knees) and demonstrated a callous indifference to his serious medical needs. Fourth, he complained that placement in medical isolation prevented him from participating in recreational, school and work activities. Finally, he alleged that the Ohio Department of Rehabilitation failed to respond to his complaints. Harris sought monetary damages and injunctive relief.
 
 
 4
 Upon review, we conclude that dismissal was proper under Fed.R.Civ.P. 12(b)(6) because it appears beyond doubt that Harris can present no set of facts in support of his claims which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). To state an Eighth Amendment claim based on conditions of confinement, a prisoner is required to show deliberate indifference on the part of prison officials. See Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Harris's claims lack merit because he failed to allege facts showing deliberate indifference.
 
 
 5
 Accordingly, the request for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation