993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine STEEN, Plaintiff-Appellant,
v.
RENAISSANCE MFG. COMPANY, et al., Defendants-Appellees.
 No. 92-2211.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before MERRITT, Chief Judge, and KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Katherine Steen, pro se, appeals from a district court order dismissing her case for lack of subject matter jurisdiction in federal court. Steen filed this claim against the defendants on the basis of unspecified violations of "civil and human rights," a violation of her right to a "private life," and an alleged conspiracy involving the defendants and the Order of Masons in Detroit, Michigan.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In her complaint, Steen alleged that defendants Firley and Van Dresser, her ex-employers, had illegally wiretapped her home phone and had placed her under 24-hour surveillance since 1989. On appeal, Steen argues that the district court failed to realize she had filed prior complaints in the city of Detroit and with the state of Michigan, before coming to the district court with her concerns. She also alleges that jurisdiction is proper under Title VII; 28 U.S.C. § 1343; 42 U.S.C. § 1985(3); and under 42 U.S.C. § 1983.
 
 
 4
 Upon review, this court concludes that the district court properly dismissed her case, because her complaint states only vague and conclusory allegations of conspiracy and violations of her civil rights. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). The courts are not required to conjure up unpleaded facts that might turn a frivolous claim into a substantial one. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). The allegations presented in the district court, and in this court on appeal, are wholly insubstantial and obviously without merit, so that the district court properly dismissed the complaint for lack of subject matter jurisdiction. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).
 
 
 5
 Not until Steen appealed to this court did she allege that the defendants had violated her rights under Title VII; 28 U.S.C. § 1343; 42 U.S.C. § 1983; or 42 U.S.C. § 1985(3). This court need not address whether jurisdiction would be proper under these federal statutes, because Steen has not first averred jurisdiction under these statutes, in district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Moreover, it is well established that a plaintiff must first present such claims under Title VII to the Equal Employment Opportunities Commission, before a Title VII case may be brought before the federal courts on appeal. Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir.1992). Moreover, Steen has not pled or shown the denial of a protected interest which resulted from the operation of state law or from the conduct of any state actor, in order to be entitled to pursue a claim under the other statutes set forth above. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Brotherton v. Cleveland, 923 F.2d 477, 479 (6th Cir.1991).
 
 
 6
 Lastly, this court and the district court lack jurisdiction to hear her claim under the federal Wiretapping Act. See Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. §§ 2510-2521 (1988). Her complaint, filed August 25, 1992, states that the defendants had been wiretapping her phone since 1989, and the record shows that she had filed complaints with the Mayor of Detroit in regard to this alleged wiretapping as far back as May of 1990. Thus, Steen failed to file her federal claim before the two-year statute of limitations period had expired, measured from the time she "first had a reasonable opportunity to discover the violation." See 18 U.S.C. § 2520(a)(e). Her claim is now barred in federal court. Accordingly, the district court's order dismissing the complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.