28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thermon MOORE, Plaintiff-Appellant,
v.
CITY OF MUSKEGON; Muskegon Police Department; County of
Muskegon; Robert W. Smith, Individually, Muskegon Chief of
Police; Norman R. Kruse, Individually, Mayor of the City of
Muskegon, Defendants-Appellees.
 No. 94-1077.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1994.
 
 1
 Before: RYAN, Circuit Judge; KRUPANSKY, Senior Circuit Judge, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Thermon Moore, appearing pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 and various state laws. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Moore sued the City of Muskegon and its Police Department, the Chief of Police (Smith), and the Mayor (Kruse), and the County of Muskegon, alleging that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights, as well as his due process rights in connection with the issuance and execution of an order for psychiatric examination. Specifically, Moore alleged that officer Krause (who is not a defendant in this case) filed a petition for involuntary commitment for hospitalization which contained "false and malicious" statements.
 
 
 4
 After reviewing the parties' cross motions for summary judgment, the district court granted summary judgment to the defendants and dismissed the complaint. Moore has filed a timely appeal, and the appellees have filed a request for oral argument.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Michigan's doctrine of res judicata bars Moore's claims against the County of Muskegon. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984); Wood v. Fabricators, Inc., 473 N.W.2d 735, 739 (Mich.Ct.App.1991). Moore is not entitled to relief against the remaining defendants because he failed to establish a causal link between a governmental policy and any injury in connection with the issuance and execution of the petition for involuntary commitment. See Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1067-68 (1992); Feliciano v. City of Cleveland, 988 F.2d 649, 654-55 (6th Cir.), cert. denied, 114 S.Ct. 90 (1993). Moore's equal protection claim was also properly dismissed as conclusory. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). Finally, Moore's pendent state law claims were properly dismissed given the unsubstantial nature of his federal claims. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 6
 Given our conclusion that the district court properly granted summary judgment for the defendants in this case, we likewise conclude that it did not abuse its discretion in denying summary judgment for the plaintiff. See Southward v. South Cent. Ready Mix Supply Corp. 7 F.3d 487, 492 (6th Cir.1993).
 
 
 7
 Accordingly, we hereby deny the appellees' request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation