**UNITED STATES ex rel. Sheila ROY, Plaintiffs,**

v.

**James J. ANTHONY, M.D., et al., Defendants.**

**No. C–1–93–0559.**

United States District Court,
S.D. Ohio,
Western Division.

July 14, 1994.

James Helmer, Jr., Cincinnati, OH, for Plaintiffs.

James Adams, Cincinnati, OH, for Defendants.

### ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Defendants' Motion for Dismissal pursuant to Fed.R.Civ.P. 12(b)(6), (Doc. 25), Plaintiff's memorandum in opposition thereto (Doc. 28), and Defendant's reply. (Doc. 32).

### Factual Background

Plaintiff, an individual citizen of the United States, brings this action for violations of the False Claims Act, 31 U.S.C. § 3729(a), for herself and for the United States pursuant to the qui tam provisions of the False Claims Act codified at 31 U.S.C. § 3730(b).

The Defendants are (1) a connected web of medical imaging companies (the companies) in Ohio and Kentucky that provide services such as X-rays, MRI's, and CT-scans and (2) the shareholders and owners of these companies, many of whom are physicians. (Doc. 6 at 4–6).

In her amended complaint, the Plaintiff alleges that the defendants submitted false or fraudulent claims for payment to Medicare, Medicaid and other federally funded state health care programs. (Doc. 6 at 10). Specifically, the Plaintiff alleges that the defendant physicians referred their patients to the companies for imaging services that Medicare and Medicaid financed. The companies then made payments to the defendant-referring physicians based on the number of referrals. (Doc. 6 at 10–11). The Plaintiff does not allege that the medical imaging services performed by the companies and charged to the government were not necessary. Nor does the Plaintiff allege that imaging services were charged to the government that were not performed.

### DISCUSSION

*Motions to Dismiss*

■ "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). In evaluating a complaint in light of a motion to dismiss, the district court must accept all of the plaintiff's allegations as true and resolve every doubt in his favor. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Nevertheless, in order to survive a 12(b)(6) motion the Plaintiff must meet certain minimum requirements. As stated by the Sixth Circuit,

[a]lthough this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" ...

We are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case it seems fair to assume that those facts do not exist.

*Scheid, supra* at 436–37 (citations omitted).

Moreover, according to the Federal Rules, "[i]n all averments of fraud ... the circum-

stances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b).

*The False Claims Act and the Fraud & Abuse Statute*

■ The issue presented by this motion is a legal question of apparent first impression and concerns the interaction of the False Claims Act, 31 U.S.C. § 3729, and the Medicare Fraud & Abuse Statute codified at 42 U.S.C. § 1320a–7b(b). Specifically, may a qui tam plaintiff bring a private cause of action against a party under the False Claims Act when the activity alleged violates the Fraud & Abuse Statute?[1]

Any person who knowingly makes or accepts payment for referrals for federally funded medical services is guilty of a felony under the Fraud & Abuse Statute, 42 U.S.C. 1320a–7b(b). For the purposes of this motion, this Court assumes that the payments allegedly made by the defendant companies to the defendant physicians violated the Fraud & Abuse Statute.

Under the False Claims Act, any person who knowingly submits a false claim for payment to the Government is liable to the United States for a civil penalty and treble damages. 31 U.S.C. § 3729. A suit under the False Claims Act is normally brought by the Department of Justice, but the Act also allows enforcement by private individuals on behalf of the United States. 31 U.S.C. § 3730(b)(1). The private individual is rewarded with a percentage of whatever the government recovers. *Id.*

The typical False Claim case occurs, for example, when a government contractor bills the government for work that has not been performed, charges $500 for a hammer, or uses pig iron where the specifications call for steel. In the context of Medicare, a false claim might occur where a doctor submits a Medicare claim form for a procedure that was never performed or routinely performs unnecessary medical procedures for the sole purpose of billing Medicare. In the above contexts, there is a clear violation of the False Claims Act in that false information was imparted in order to defraud the government out of money.

In the instant case, we have a somewhat different situation. The Plaintiff alleges activity that is clearly illegal, but it is not so clearly a violation of the False Claims Act. The Plaintiff does not accuse the Defendants of submitting Medicare claims for patients that do not exist or who were never treated.

Section 3730(b)(1), which creates the private cause of action, limits that cause of action to violations of the False Claims Act. As noted, there is no private cause of action under the Fraud & Abuse Statute. Accordingly, in order for the Plaintiff to maintain her cause of action, she must establish that the Defendants committed violations of the False Claims Act. Merely pointing to violations of the Fraud & Abuse Statute will not suffice. The Plaintiff must either show how the Fraud & Abuse Statute violations are also violations of the False Claims Act, or she must show how the violations of the Fraud & Abuse Statute led to or somehow caused violations of the False Claims Act.

The relevant portion of the False Claims Act states that "[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment ... is liable to the United States Government for a civil penalty...."

The Plaintiff claims that because the Defendants were engaged in continuing violations of the Fraud & Abuse Statute during—and in connection with—their submission of claims for Medicare/Medicaid payments, the claims themselves were false or fraudulent. This vague assertion creates a tenuous connection between the Fraud & Abuse Statute and the False Claims Act, but the connection is sufficient to overcome the burden of a 12(b)(6) motion. Under the facts alleged, the Plaintiff could produce evidence that would show that the kickbacks allegedly paid to the defendant physicians somehow tainted the claims for Medicare. Additionally, the Plaintiff may establish that the claims for Medi-

---

**1.** The Court notes that the Defendants made a fully supported argument that there is no private right of action under the Fraud and Abuse Stat-
ute, (Doc. 25 at 9–11), and that the Plaintiff does not purport to bring a private right of action under that statute. (Doc. 28 at 9).

care payments were constructively false or fraudulent.

It does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

For the forgoing reasons, the Defendants' Motion for Dismissal is hereby DENIED.

IT IS SO ORDERED.