34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nahid G. SHAOU, Plaintiff-Appellant,
v.
William OVERTON, et al., Defendants-Appellees.
 No. 94-1159.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Nahid G. Shaou, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Shaou sued the State of Michigan, the Michigan Department of Corrections (MDOC), the MDOC Medical Director (Rieger), various officials employed at the Adrian Temporary Facility (ATF), including the warden (Overton), a resident unit manager (Pass), a physician (Weisenfield), the assistant director of nursing (Kukla), the records office manager (Snyder), as well as various officials employed at the Lakeland Correctional Facility (LCF), including the warden (Redman), the records office manager (Brandt), and a physician's assistant (Singhal) employed at the Huron Valley Men's Facility. The defendants were sued in both their individual and official capacities. Shaou alleged that the defendants were deliberately indifferent to his serious medical needs when they transferred him from LCF to ATF without sending a special mattress allegedly prescribed for him because he suffers from back pain.
 
 
 3
 Initially, the district court dismissed the State of Michigan and the MDOC based on Eleventh Amendment immunity. After reviewing the defendants' motion to dismiss, or in the alternative for summary judgment, as well as Shaou's response, the magistrate judge filed a report recommending that the district court grant summary judgment in favor of the defendants. Thereafter, the district court granted Shaou's motion to produce additional evidence. Over Shaou's objections to the magistrate judge's report, the district court granted summary judgment for the defendants and dismissed the case. Shaou has filed a timely appeal reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The defendants were not deliberately indifferent to Shaou's serious medical needs in connection with his back condition as he received medical attention and medication. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Shaou's complaint amounts to a disagreement over the course of treatment chosen by a doctor and does not state a claim upon which relief may be granted. Id. at 107. Shaou's claim that he was injured due to long term use of Motrin was properly dismissed as conclusory, see Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 437 (6th Cir.1988), and because it is not indicative of any indifference on the part of the defendants.
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.