56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clifford E. SMITH, Jr., Plaintiff-Appellant,
v.
Ray CORNS, Individually and as Former Judge of the Franklin
Circuit Court; Fidelity and Deposit Company of Maryland, as
surety on Judicial Blanket Bond of Former Franklin Circuit
Court Judge Ray Corns, Defendants-Appellees.
 No. 94-6639.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 1
 Before: MILBURN and SILER, Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Clifford E. Smith, Jr., proceeding pro se, appeals a district court order dismissing his civil rights complaint that he filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In his complaint and in his appellate brief, Smith chronicles a long and complex history behind this current lawsuit, and claims that this present action has its "roots" in a previous 11-year civil lawsuit that was filed in Kentucky state court in 1970. Subsequent to Smith's involvement in that prior civil suit in state court, Smith was named the executor of his father's estate pursuant to his father's will. However, Smith was removed as executor by order of defendant Judge Corns, on November 21, 1984, in Franklin Circuit Court. Prior to this order, on November 9, 1984, the Kentucky Supreme Court had ordered Smith's suspension from practicing law in that state. On August 1, 1986, Judge Corns appointed a guardian ad litem for Smith.
 
 
 4
 Smith filed this civil rights action seeking damages because he claimed: 1) that Judge Corns had no jurisdiction to remove him as executor and trustee of his father's estate in November of 1984; 2) that Judge Corns failed to comply with various Kentucky laws when he ordered that Smith's sister and half-brother be appointed as substitute executors of his father's estate; and 3) the judge failed to comply with state law when he did not require the new executors to execute a bond. Smith further alleged that he was denied his right to due process when Judge Corns failed to provide notice and a hearing before removing Smith as executor. Lastly, Smith alleged that this same judge denied him due process by the manner in which he held Smith's competency hearing in 1986.
 
 
 5
 The matter was referred to a magistrate judge, who recommended that the defendants' motions to dismiss on the pleadings should be granted. The district court considered objections filed by Smith and agreed with the magistrate judge that the complaint should be dismissed on the pleadings under the judicial immunity doctrine. On appeal, Smith, again, describes his action as a by-product of the prior state civil litigation described above, and presents the following issues for this court's consideration: 1) whether the district court judge should have recused himself in this case; 2) whether the district court improperly decided that Judge Corns was entitled to judicial immunity; and 3) whether the district court disregarded Smith's "properly pleaded action for conspiracy to violate plaintiff's civil rights."
 
 
 6
 Whether a district court correctly dismissed a suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir. 1993). A court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard, 991 F.2d at 1240. However, this standard of review requires more than the bare assertion of legal conclusions. Id.
 
 
 7
 There is no merit to Smith's first allegation that the district court judge was required to recuse himself in deciding the case below. Smith has not presented a scintilla of evidence to establish that a "reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality" in this case to require the judge to recuse himself under 28 U.S.C. Sec. 455(a). United States v. Sammons, 918 F.2d 592, 598-99 (6th Cir. 1990) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir.), cert. denied, 498 U.S. 980 (1990)). Likewise, Smith's allegations do not show that the district court judge had any personal bias or prejudice either against Smith or in favor of any adverse party to this lawsuit against Judge Corns. Sammons, 918 F.2d at 598.
 
 
 8
 Secondly, it is clear from the record that all actions by Judge Corns were taken within his judicial capacity, so that he is protected under the doctrine of judicial immunity. Mireles v. Waco, 112 S. Ct. 286, 288 (1991); King v. Love, 766 F.2d 962, 966 (6th Cir.), cert. denied, 474 U.S. 971 (1985). Lastly, the district court did not err in dismissing Smith's claim that Judge Corns conspired to violate Smith's constitutional rights, because the complaint fails to "contain either direct or inferential allegations respecting all the material elements" to show that such a conspiracy existed. Allard, 991 F.2d at 1240 (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).
 
 
 9
 Accordingly, the district court's order granting the defendant's motions to dismiss is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States Chief District Judge for the Eastern District of Michigan, sitting by designation