103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Gilbert ROBINSON, Plaintiff-Appellant,
v.
STATE OF MICHIGAN, Acting as a de-facto government; Richard
Johnson, Warden, Carson City Correctional Facility; Frank
J. Kelley, Attorney General, named as Frank J. Kelly,
Michigan Attorney General, Defendants-Appellees.
 No. 96-1037.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Steven Gilbert Robinson, a pro se Michigan prisoner, appeals a district court order dismissing his complaint alleging a violation of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602-1611. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, a writ of habeas corpus, and monetary damages, Robinson sued the "de facto" State of Michigan, the warden of the Carson City Correctional Facility (Johnson) and the Michigan Attorney General (Kelley). The complaint contains no factual allegations, but simply alleges that Robinson is a foreign state and so enjoys jurisdictional immunity from prosecution in the courts of Michigan and the United States. He further asserts that he has waived his sovereign immunity only as to the common law of the United States of America (which he distinguishes from the United States), of which he claims citizenship. Therefore, the argument goes, his conviction by the courts of Michigan and incarceration in its prison system are illegal. Defendant Johnson filed a motion to dismiss in which defendant Kelley joined. Service of process was not completed against the State of Michigan.
 
 
 3
 In an opinion and order filed on November 16 and entered on November 17, 1996, the district court declared Robinson's assertion of sovereign immunity to be "patently frivolous" and dismissed the complaint against Johnson and Kelley. In addition, the district court, noting that the complaint set forth no different allegations against the State of Michigan, sua sponte dismissed the complaint against Michigan despite the lack of service of process upon that defendant. The district court subsequently denied Robinson's petition for service of process upon Michigan.
 
 
 4
 On appeal, Robinson argues that the district court abused its discretion and violated his due process rights by: (1) failing to adequately consider and address various specific aspects of his complaint, (2) reaching a conclusion that was not supported by the record, (3) refusing Robinson's demand for a hearing and for a writ of habeas corpus, (4) denying Robinson's request to serve the state of Michigan, (5) refusing to fulfill its contractual obligations to Robinson, and (6) denying Robinson's right to redress his grievances against the government.
 
 
 5
 Upon review, we affirm the district court's order for the reasons stated therein. Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. On the other hand, the court is not required to accept as true a plaintiff's legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 Even on appeal, Robinson presents absolutely no facts in support of his complaint. " '[A] ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir.1995) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)), cert. denied, 116 S.Ct. 1041 (1996). Robinson's complaint is totally devoid of anything except a lengthy and circular legal theory already presented by a series of other Michigan prisoners and consistently rejected as frivolous by the district courts of Michigan as well as by successive panels of this court.
 
 
 7
 Robinson's specific issues as raised on appeal are completely meritless. The district court's actions in summarily dismissing this frivolous complaint constituted neither an abuse of discretion nor a denial of due process.
 
 
 8
 Accordingly, the district court's order, entered on November 17, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.