**Joe David WALKER and Deborah Leigh Walker, Plaintiffs–Appellants,**

v.

**JACKSON PUBLIC SCHOOLS, et al., Defendants–Appellees.**

No. 01–1937, 01–1938.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

These pro se litigants appeal a district court judgment sua sponte dismissing their complaint filed pursuant to the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $501,500,000 and other relief, Joe David Walker, his wife (Deborah L. Walker), and three minor children (Michael C. Walker, David A. Walker, and Brian R. Walker) filed a complaint consisting of 260 paragraphs of allegations against more than 90 defendants. Plain-tiffs claimed that the defendants: 1) violated their Fourteenth Amendment Rights; 2) violated the Americans with Disabilities Act of 1990; 3) violated the Michigan Constitution; 4) violated the Fourth, Fifth, Sixth, Seventh, Eighth, and Thirteenth Amendments; 5) violated the Indian Child Welfare Act; 6) conspired to violate the United States and Michigan Constitutions; 7) violated the Racketeer Influenced and Corrupt Organizations Act; and 8) intentionally inflicted emotional distress.

In an order of partial dismissal, the district court dismissed the plaintiffs' state law claims and instructed the plaintiffs to amend their complaint as to the surviving claims in order to make a more definite statement pursuant to Fed.R.Civ.P. 8(e)(1). In their amended complaint, the plaintiffs claimed that the defendants violated RICO by conspiring "among themselves in a racketeering enterprise" to "obstruct justice contrary to the laws of Michigan and United States and the Constitution of the United States to deprive Plaintiffs of civil, Constitutional [sic] and religious rights, equal protection under the law and equal access to the courts."

After the close of discovery, the district court determined that the plaintiffs failed to plead factual allegations that would allow a reasonable jury to conclude that a RICO enterprise existed and sua sponte dismissed the complaint pursuant to Fed. R.Civ.P. 12(b)(6). Plaintiffs Joe David Walker and Deborah L. Walker appeal that judgment.

In their timely appeal, the plaintiffs essentially reassert the claims set forth in the district court.

This court reviews de novo a district court's dismissal of a complaint under Rule

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

12(b)(6). *Hammons v. Norfolk S. Corp.*, 156 F.3d 701, 704 (6th Cir.1998) (citing *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997)). On such a motion, the court accepts as true well-pleaded facts alleged in the complaint, and will dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996)). All allegations must be construed in the light most favorable to the plaintiff. *Mertik v. Blalock*, 983 F.2d 1353, 1355 (6th Cir.1993).

Despite the instruction to construe the complaint liberally in plaintiff's favor, a complaint must contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to more than "bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the court's review amounts to a determination of whether it is possible for the plaintiff to prove any set of facts in support of his claims that would entitle him or her to relief. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993).

Upon review, we conclude that plaintiffs' complaint does not contain either direct or inferential allegations respecting all the material elements of a RICO claim. Plaintiffs claim that their twelve-year-old son (Michael Walker) was injured when he was struck by a Jackson Public School bus. According to plaintiffs, this event led to a series of actions by defendants to conceal the truth, obstruct justice, and avoid mor-

al, civil, and legal responsibility. In addition, plaintiffs claim that another son (David Walker) was arrested, convicted, and jailed for feloniously assaulting a department store employee as a part of the over-arching conspiracy to conceal the truth, obstruct justice, and avoid moral, civil, and legal responsibility. A RICO claim requires proof of two or more predicate offenses that formed a pattern of racketeering activity and involved an enterprise that was connected to the racketeering activity, which injured a plaintiff's business or property. 18 U.S.C. §§ 1961–1964; *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 699 (6th Cir. 2000). The RICO statute defines an enterprise as "includ[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The existence of an enterprise is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). "Continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than an ad hoc, basis." *United States v. Kragness*, 830 F.2d 842, 856 (8th Cir.1987).

Plaintiffs' complaint constitutes nothing more than a bare assertion that an enterprise existed. *See Scheid*, 859 F.2d at 436. Generally, a plaintiff must submit evidence of some sort of "chain of command" or other evidence of a hierarchy, even a highly limited one. *VanDenBroeck*, 210 F.3d at 700. Plaintiffs' complaint contains no such evidence. Because the complaint is devoid of any proof whatsoever of an enterprise, the district court properly dis-

missed plaintiffs' complaint pursuant to Rule 12(b)(6).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.