**Selina R. MILLER, Plaintiff–Appellant,**

v.

**CITY OF COLUMBUS; Leroy A. Trout, et al., Defendants–Appellees.**

No. 02–3611.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2002.

---

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Selina R. Miller, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1985. Miller has filed a motion requesting consolidation of this case with appeal No. 02–3909. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Miller brought this action against the "named defendants and the State of Ohio and the City of Columbus for subjecting the plaintiff and family members to undesirable and hostile living conditions which are highly offensive and the denial of the plaintiff['s] constitutional rights." Miller attempted to invoke federal jurisdiction by claiming "race, sex discrimination of Title VII, 42 U.S.C. s2000e [sic] and conspiracy

in violation of 43[sic] U.S.C. S1985 [sic]." The most that can be gleaned from the complaint is that Miller appears to be claiming that various defendants defamed her by alleging that she was engaged in various kinds of illegal activities, including using illegal drugs and possessing drug paraphernalia, and that various defendants invaded her privacy by "investigating" Miller and her family. Miller sought declaratory and monetary relief.

The defendants filed motions to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the defendants' motions and dismissed the complaint in an opinion and order filed May 3, 2002. Judgment was entered that same day. Miller filed a document entitled "Plaintiff's Memorandum Contra to May 3, 2000," which the district court construed as a motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e). The court denied the motion. This appeal followed.

Initially, we note that, on September 10, 2002, this court dismissed appeal No. 02–3909 for failure to prosecute. Therefore, the motion for consolidation is denied as moot.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). In order to survive a motion to dismiss, the plaintiff's complaint must allege facts, which if proved, would entitle the claimant to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of

facts in support of his claims that would entitle him to relief. *Sistrunk*, 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Miller's complaint because the complaint does not allege facts which would constitute claims under Title VII or 42 U.S.C. § 1985. Title VII generally prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a). Miller, however, did not allege employment discrimination in her complaint.

Other than initially invoking 42 U.S.C. § 1985 as an alternate basis for jurisdiction (which it is not), Miller never further elaborates on or makes reference to this section in her complaint. The only portion of § 1985 which could conceivably be applicable is § 1985(3) which prohibits "two or more persons ... of depriving ... any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws...." This section has been construed by the Supreme Court to require 'some racial or perhaps otherwise class based discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There is nothing in Miller's complaint that would indicate that whatever discrimination may have occurred was other than isolated acts directed at Miller. Miller claims that some "named defendants" conspired to have "trumped up charges" filed against her but she does not identify a specific case, the court in which it was filed, the nature of the charge, or the disposition thereof.

Although the complaint appears to attempt to allege claims of defamation, it contains no allegations which identify any specific defamatory utterance or publication, or the speaker, author, or recipients thereof. *See Parry v. Mohawk Motors*, 236 F.3d 299, 312 (6th Cir.2000). Likewise, although Miller appears to be claiming various invasions of her right of privacy, she fails to allege when, where, or how these invasions occurred or who committed them. *See Greenwood v. Taft, Stettinius & Hollister*, 105 Ohio App.3d 295, 663 N.E.2d 1030, 1035 (1995).

Finally, the district court did not abuse its discretion in denying Miller's motion to amend her complaint, where the court found that the amendment was futile. *See Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for consolidation is denied as moot.