**Amy BURGETT Plaintiff**

v.

**BFI WASTE SYSTEMS OF NORTH AMERICA, INC., et al. Defendants**

No. 1:04–CV–642.

United States District Court, N.D. Ohio, Eastern Division.

May 12, 2004.

Daina B. VanDervort, Esq., Jeffrey H. Friedman, Esq., Friedman, Domiano & Smith, Cleveland, OH, for Plaintiff.

Melanie L. Webber, Esq., Richard A. Millisor, Esq., Millisor & Nobil, Cleveland, OH, for Defendants.

## MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WELLS, District Judge.

Before the Court is defendant BFI Waste Systems of North America, Inc.'s ("BFI") motion to dismiss count two of plaintiff's complaints, pursuant to Fed. R.Civ.P. 12(b)(6), for the failure to state a claim upon which relief can be granted. (Docket # 5 and # 6). No opposition brief was filed by plaintiff Amy Burgett.

For the reasons set forth below, defendant BFI's motion to dismiss is denied.

### I. THE COMPLAINT [1]

Plaintiff Amy Burgett initially worked for defendant BFI from 1990 to 2002. (Compl. at ¶ 5) After leaving her employment in 2002, Ms. Burgett was subsequently rehired in June 2003 in a sales position at BFI's facility at 8123 Jones Road, Cleveland, Ohio 44105. (Compl. at ¶¶ 5–6). Defendant Kevin Boemer was the General Manager of that BFI facility and one of plaintiff's supervisors. (Compl. at ¶ 6)

Ms. Burgett alleges that Mr. Boemer engaged in a "prolonged pattern of sexually harassing conduct directed to plaintiff and other female employees" including "offensive and inappropriate touching, sexually inappropriate remarks and invitations to hotels and bars during working hours."

---

1. In ruling on BFI's motion to dismiss, this Court accepts as true all of plaintiff Amy Burgett's factual allegations. *Lillard v. Shel-* *by County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir.1996).

(Compl. at ¶ 7). She further claims that Mr. Boemer verbally abused and physically intimidated her during the course of her employment. (Compl. at ¶ 7). While Ms. Burgett repeatedly complained to her immediate supervisor and other BFI personnel about Mr. Boemer's conduct, no action was taken by BFI and Mr. Boemer's harassment continued. (Compl. at ¶ 8). Mr. Boemer's pattern of severe sexual harassment purportedly created a hostile work environment, rendering Ms. Burgett's employment so intolerable that it forced her to leave her employment at BFI on 15 December 2003. (Compl. at ¶¶ 3 and 9). When Ms. Burgett learned that BFI had fired Mr. Boemer shortly after she left, she requested her job back but was denied employment. (Compl. at ¶ 10).

Based on this alleged factual context, Ms. Burgett raises the following two claims against defendants BFI and Mr. Boemer: 1) sexual harassment/discrimination in violation of O.R.C. §§ 4112.02 and 4112.99; and 2) wrongful discharge in violation of public policy.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally in the plaintiff's favor and accept all of plaintiff's factual allegations as true. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996). The Court's task is necessarily a limited one, as "the issue is not whether a [party] will ultimately prevail but whether the [party] is entitled to offer evidence to support the claims." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Indeed, a Rule 12(b)(6) motion to dismiss will be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir.1996) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (holding dismissal to be appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief). If, however, the complaint fails to contain "either direct or inferential allegations respecting all the material elements" necessary to sustain recovery under some viable legal theory, it will be dismissed pursuant to Rule 12(b)(6). *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir.2000) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

In its motion, defendant BFI seeks dismissal of Ms. Burgett's wrongful discharge claim (Count II), arguing that, as a matter of law, she cannot satisfy all the requisite elements of such a claim. Ohio recognizes the common law tort of wrongful discharge which is implicated when an employee is discharged for a reason that contravenes clear public policy. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, syllabus ¶ 3, 551 N.E.2d 981. To prevail on a claim for wrongful discharge, a plaintiff must prove the following elements:

1. That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 150–51, 677 N.E.2d 308 (1997). Courts determine the clarity and jeopardy elements as a matter of law while the causation and overriding justification factors are factual questions reserved for the trier of fact. *Id.* at 151, 677 N.E.2d 308. Defendant contends that Ms. Burgett cannot establish the jeopardy element because Section 4112.99 "offers a statutory remedy that 'adequately' protects society's interests." (Docket # 6, at 1).

Despite citing a host of cases which purportedly analyze the jeopardy element in various contexts, defendant ignores *Collins v. Rizkana,* 73 Ohio St.3d 65, 652 N.E.2d 653 (1995), an Ohio Supreme Court case directly on point. In *Collins,* the Ohio Supreme Court found the jeopardy element to be satisfied for a wrongful discharge claim based on alleged sexual harassment/ discrimination, specifically concluding that "the availability of remedies under R.C. Chapter 4112 will not serve to defeat [a plaintiff's] sexual harassment tort claim." *Id.* at 73, 652 N.E.2d 653. Accordingly, the Court held that "a cause of action may be brought for wrongful discharge in violation of public policy based on sexual harassment/discrimination." *Id.* at syllabus and 74, 652 N.E.2d 653.

In her complaint, Ms. Burgett claims that she was wrongfully discharged because of the alleged sexual harassment/discrimination of defendants. In light of the clear precedent of *Collins,* Ms. Burgett states a viable wrongful discharge claim and defendant's motion to dismiss count two must fail.

## IV.  CONCLUSION

For the reasons set forth above, defendant BFI's motion to dismiss is denied.

IT IS SO ORDERED.