**In re COMPUGARD SERVICES, INC., Debtor.**

**Steven S. Davis, Trustee, Plaintiff,**

**v.**

**Lake Erie Interlock, Inc., et al., Defendants.**

**Bankruptcy No. 03–22529. Adversary No. 05–1171.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Oct. 24, 2005.

---

Frederic P. Schwieg, Cowden Humphrey Nagorney & Lovett, Cleveland, OH, for Plaintiff.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Board of Lake County Commissioners'

("Lake County") Motion to Dismiss under Federal Rule of Bankruptcy Procedure Rule 7012(b)(1) (lack of jurisdiction over the subject matter). In the alternative, Lake County seeks dismissal under Rule 7012(b)(6) (failure to state a claim upon which relief can be granted). The Chapter 7 Trustee ("Trustee") has timely objected. The Court acquires core matter jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(J) and General Order No. 84 of this District. Upon an examination of the parties' respective briefs and supporting documentation, the following findings of fact and conclusions of law are hereby rendered:

\*

A related matter in this adversary proceeding was previously before the Court on the State of Ohio Department of Youth Services' ("DYS") Motion to Dismiss. In the prior motion, the Court issued a Memorandum of Opinion and Order on September 5, 2005 ("DYS Order"), denying DYS' motion to dismiss under Rule 12(b)(1), and granting DYS' motion to dismiss under Rule 12(b)(6). The factual background for the Commissioners' motion is identical to the prior motion.

The adversary complaint allegations provide, in part that: The Debtor was engaged in providing electronic monitoring equipment and services ("Monitoring") for home detention programs operated by Lake County. On or about July 1, 2003 the Debtor entered into a contract with Lake County to provide Monitoring through June 30, 2004 ("Lake County Contract"). On or about July 1, 2003 the Debtor entered into a contract with DYS to provide Monitoring through June 30, 2005 ("DYS Contract" and, collectively with the Lake County Contract, the "Contracts").

On or about September 15, 2003, Kenneth Wisniewski and Richard Friedman formed Lake Erie Interlock, Inc. ("LEI"). Wisniewski is the President of the Debtor and an insider of the Debtor as defined in 11 U.S.C. § 101, and is also an officer of LEI. Friedman is the Vice–President of the Debtor and is an insider of the Debtor and an officer of LEI.

The Debtor filed the bankruptcy case on or about September 18, 2003. On the Debtor's petition Schedule B it listed $6,794.00 as being due from Lake County, and $1,911.00 as due from DYS. Postpetition, the Trustee received $2,812.00 from Lake County for invoices due the Debtor under the Lake County Contract. Thereafter, the Trustee received $1,911.00 from DYS for invoices due the Debtor under the DYS Contract. On September 19, 2003, the Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code. On April 6, 2005, the Trustee filed a complaint against the Debtor and other named parties defendant. The complaint alleges, in part, that Debtor paid certain monies belonging to the Debtor's estate to co-defendant Lake Erie Interlock (LEI) after receiving notice of the bankruptcy filing from the Trustee. The complaint further alleges that on or about July 1, 2003 the Debtor entered into a contract with DYS to provide Monitoring through June 30, 2005. Count VII provides that "after learning of thie (sic) filing of the bankruptcy case, Lake County and DYS paid monies due the Debtor to LEI and/or Mssrs. Friedman and Wisniewski." Trustee alleges that pursuant to 11 U.S.C. §§ 541, 549 and 550 he may recover the value of the monies due the Debtor which Lake County or DYS paid to LEI and/or Mssrs. Friedman and Wisniewski after they learned of the filing of the bankruptcy case.

\* \*

Lake County now moves for dismissal for lack of jurisdiction under Rule 12(b)(1),

asserting that it is protected by sovereign immunity as a political subdivision of the state of Ohio. In the alternative, Lake County moves for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

\* \* \*

 Lake County asserts that the Eleventh Amendment bars prosecution of the complaint. The Eleventh Amendment to the United States Constitution prohibits the federal courts from hearing suits against unconsenting states in federal court which are based upon either diversity of citizenship, or those suits which are brought against an unconsenting state by one of its own citizens as well as by citizens of another state. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Hans v. Louisiana,* 134 U.S. 1, 18–19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This immunity from suit also extends to any duly created agencies of the state. *Pennhurst State School,* 465 U.S. at 100–01, 104 S.Ct. 900; *Hall v. Medical College of Ohio,* 742 F.2d 299, 302 (6th Cir.1984), *cert. denied,* 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985).

The Trustee argues that Lake County is not protected by the Eleventh Amendment because the Supreme Court has ruled that counties are not protected by the Eleventh Amendment, and alternatively, that under the Sixth Circuit's analysis in *Hood v. Tenn. Student Assis. Corp. (In re Hood),* 319 F.3d 755 (6th Cir.2003), *aff'd* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004), Ohio's sovereign immunity was abrogated by Article 1, Section 8 of the United States Constitution. Lake County responds that the matter before the Court is an *in rem* proceeding outside of the jurisdiction of the bankruptcy court, and that the suit seeks to collect funds from a state political subdivision. Lake County also cites authority from the Ohio Supreme Court, which has held that counties enjoy sovereign immunity as instrumentalities of the state.

Basic principles of Eleventh Amendment jurisprudence make the *Hood* analysis unnecessary in the present motion. As an initial matter, Ohio courts have held that a suit against a board of county commissioners was a suit against the county itself for the purposes of sovereign immunity. *Leber v. Smith,* 1989 WL 18141, at \*8 (Ohio App.1989) (citing *Zents v. Bd. of Commrs.,* 9 Ohio St.3d 204, 459 N.E.2d 881 (1984)). Therefore, the sovereign immunity protection enjoyed by the Board of Lake County Commissioners relies upon the extent of sovereign immunity enjoyed by Lake County itself.

 The United States Supreme Court has made it clear that the "Eleventh Amendment does not extend its immunity to units of local government." *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Sixth Circuit recently applied this principle to Ohio counties, explicitly holding that "Ohio counties lack sovereign immunity." *S.J. v. Hamilton County, Ohio,* 374 F.3d 416, 419–20 (6th Cir.2004); *Alkire v. Irving,* 330 F.3d 802, 811 (6th Cir.2003) (holding that Ohio counties are not an "arm of the state"). In *Alkire,* the Sixth Circuit relied on *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* in which the United States Supreme Court held that a school district was not "entitled to assert any Eleventh Amendment immunity from suit in the federal courts" since, "[u]nder Ohio law the 'State' does not include 'political subdivisions,' and 'political subdivisions' do include local school districts." *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (citing Ohio Revised Code Annotated Sections

2743.01). Under section 2743.01, "political subdivisions" also includes counties. OHIO REV.CODE § 2743.01. Under the same analysis, Lake County cannot assert Eleventh Amendment immunity from suit in the federal courts.

■■■ The Ohio Supreme Court opinion cited by Lake County cannot be applied in the present adversary proceeding. The Trustee brings claims pursuant to federal (§§ 541, 549, 550 of the Bankruptcy Code), not state law. "Municipal defenses—including an assertion of sovereign immunity—to a federal right of action are, of course, controlled by federal law." *Owen v. City of Independence, Mo.*, 445 U.S. 622, 648 n. 30, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 455–56, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Ohio cannot, through state law, circumvent federal law, and expand Eleventh Amendment sovereign immunity to counties in federal court.[1]

Therefore, Lake County is not protected by Eleventh Amendment sovereign immunity, and the Motion to Dismiss for lack of jurisdiction is hereby denied.

* * *

In the alternative, Lake County seeks dismissal under Rule 12(b)(6). The Court dismissed the Trustee's complaint for failure to state a claim in the Court's DYS Order. For the same reasons, the Court dismisses the Trustee's complaint as to Lake County.

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir.2005). Thusly,

this Court must assume that all allegations are true and dismiss the claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (i.e., that the legal protections invoked do not provide relief for the conduct alleged.). *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In addition, "while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 –1110 (6th Cir. 1995) (citing *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993)). "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Allard*, 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)); *see also Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987) (*per curiam*) (holding that the statement of mere legal conclusions is not entitled to liberal Rule 12(b)(6) review), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987).

■■■ Lake County alleges that the Trustee's complaint seeks recovery of postpetition transfers under §§ 541, 549, and 550. Lake County contends that, even if the Trustee can prove that money is property of the estate under § 541, and he can prove that the payments are avoidable

---

1. The Ohio Supreme Court case cited by Lake County, and other cases on this issue involve situations where sovereign immunity was asserted against a state law claim. It is not in dispute that counties have been statutorily granted statutory immunity on certain state law causes of action. *See* OHIO REV.CODE § 2744 *et. seq.*

transactions under § 549, § 550 does not entitle the Trustee to recover the payments made by Lake County as a *transferor*, from Lake County. This argument has merit. Section 550 of the Bankruptcy Code provides, in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). No authority has been established by the Trustee that under § 550(a), he can sustain a recovery of the alleged postpetition transfer made by Lake County (the alleged transferor) from Lake County, instead of the alleged transferee. The statute is clear and unambiguous that the Trustee may recover from an initial, immediate, or mediate transferee.

\* \* \* \*

Accordingly, the motion to dismiss is well-premised under Rule 12(b)(6) and is hereby granted. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

In Cleveland, in said District, on this 24th day of October, 2005.

A Memorandum Of Opinion And Order having been rendered by this Court in this matter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Movant's motion is hereby granted. The objection thereto is overruled. Each party is to bear its respective costs.

IT IS SO ORDERED.